SHIVERS, Judge.
Appellant appeals the order of the Deputy Commissioner (D/C) denying his claim for permanent total disability (PTD) benefits and, in the alternative, permanent partial disability (PPD) benefits.
Claimant sustained a compensable injury resulting in a disc injury, hematuria (kidney injury), and a psychiatric condition characterized by depression and anxiety. Claimant’s treating physician testified that while surgical intervention might improve claimant’s condition, it would be unnecessarily risky. On this basis, he concluded that claimant had reached maximum medical improvement (MMI) on May 21, 1980. A psychiatrist who had examined claimant testified that claimant’s psychiatric condition would subside when his physical infirmities cleared and he was able to return to work. On the basis of the psychiatrist’s testimony, the D/C concluded that claimant had not reached MMI with regard to his psychiatric condition, and that, therefore, he was not entitled to PTD or PPD benefits.
Appellant contends that the D/C’s order should be reversed because there is no competent and substantial evidence in the record to support his finding claimant had not reached MMI as of May 21, 1980.
We agree. The substance of the evaluation by the psychiatrist was that claimant’s psychiatric condition would subside when his physical infirmities cleared and he was able to return to work or change his vocation to one compatible with his physical infirmities. This prognosis necessarily presupposed that claimant’s condition would improve to the point where he would be employable. This assumption is contrary to all evidence in the record. The treating physician testified that claimant’s condition would not improve without surgical intervention, and that surgical intervention had been ruled out because it posed unnecessary risks to claimant’s health. In addition, the vocational rehabilitation specialist, who was assigned to work with claimant, testified that claimant was unemployable in his *1208 present physical condition, and that, despite the fact that he had the ability, intellect and desire to be vocationally retrained, his medical condition foreclosed that possibility. Thus, the record is devoid of any evidence which supports the psychiatrist’s assumption that claimant’s physical condition would eventually improve and enable him to return to work.
We must conclude that the psychiatrist’s testimony concerning claimant’s prognosis for improvement of his physical and psychiatric conditions is erroneous, and, as such, his testimony cannot provide competent and substantial evidence to support the D/C’s finding that claimant had not reached MMI. We REVERSE the judgment of the D/C and REMAND the matter for a determination of benefits.
McCORD and MILLS, JJ., concur.